IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BILLY JOHN HENSLEY                                                                   PLAINTIFF

vs.                                      Civil No. 3:12-cv-03154

CAROLYN W. COLVIN                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Billy John Hensley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his disability applications on April 2, 2010 (DIB) and on April 13, 2010 (SSI). (Tr. 9, 148-149). Plaintiff alleges being disabled due to stomach problems. (Tr. 194). Plaintiff alleges an onset date of June 30, 2009. (Tr. 9). These applications were denied initially and again upon reconsideration. (Tr. 51-54). Plaintiff requested an administrative hearing on these

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

applications, and this hearing request was granted. (Tr. 71-75, 78-82).

On May 24, 2011, this hearing was held in Yellville, Arkansas. (Tr. 23-42). Plaintiff was present at this hearing and was represented by Donald Bishop. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* During this hearing, Plaintiff testified he was twenty-nine (29) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 26). Plaintiff also testified he had obtained a high school diploma but had no education beyond high school. *Id.*

After this hearing, on August 26, 2011, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 6-18). In this decision, the ALJ found Plaintiff met the insured status requirements through December 31, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2009, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairment: chronic abdominal pain. (Tr. 11-14, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 14-17, Finding 5). In making this evaluation, the ALJ considered Plaintiff's subjective allegations and determined they were not entirely credible. *Id.* Then, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.* The "full range of light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 17, Finding 6). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 17, Finding 10). In making that determination, the ALJ applied the Medical-Vocational Guidelines ("Grids"). *Id.* Specifically, applying Rules 202.21 and 202.22 of the Grids, the ALJ concluded Plaintiff could perform other work existing in significant numbers in the national economy. *Id.* The ALJ then found Plaintiff had not been under a disability, as defined by the Act, from June 30, 2009 through the date of his decision or through August 26, 2011. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On October 18, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On December 5, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 10, 2012. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ's RFC determination is not supported by substantial evidence in the record; (2) the ALJ erred in relying upon the Grids; and (3) the ALJ erred by failing to consider all of the relevant evidence in the record regarding his need to take unscheduled work breaks, being absent from work, or being unable to maintain a productive pace at work. ECF No. 9. In response, Defendant argues the ALJ's RFC determination is supported by substantial evidence in the record, and this evidence includes the "objective medical evidence from treating physicians and opinions of two state agency physicians, and Plaintiff's and his wife's testimony about his activity level." ECF No. 10 at 8-14. Defendant also argues the ALJ properly relied upon the Grids in finding he was not disabled. *Id.* at 14-15. Because the Court finds the ALJ's RFC determination is not supported by substantial evidence in the record, the Court will only address Plaintiff's first argument for reversal.

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the

record. ECF No. 9 at 3-5. Specifically, Plaintiff argues "[t]here is no medical evidence from a treating or examining doctor" to support that RFC determination. *Id.* Plaintiff also argues that, because the record was not fully developed on this issue, the ALJ should have at least ordered a consultative examination from an examining physician to evaluate his limitations. *Id.*

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence. *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010). The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others. *Id.* The ALJ's RFC determination must also be supported by "some" medical evidence. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In his opinion, the ALJ noted Plaintiff was born with the digestive problem gastroschisis which "was repaired shortly after birth." (Tr. 15). The ALJ also noted that in 1991, Plaintiff complained of "diffuse abdominal pain" and "was found to have a ruptured appendix as well as numerous intestinal adhesions." *Id.* The ALJ then evaluated Plaintiff's treatment records from 2009 and 2010. (Tr. 15-16). As a part of that evaluation, the ALJ recognized Plaintiff was hospitalized from October 22, 2009 until October 24, 2009 for abdominal pain and cramping with some nausea. (Tr. 15, 251-268). Plaintiff continued treatment for bowel and constipation problems throughout 2010. (Tr. 15-16). Consistent with his medical records, Plaintiff testified at the administrative hearing in this matter that his bowel problems caused him "[p]retty constant pain, nauseous [nausea]. Days of constipation and then days of extreme diarrhea." (Tr. 31).

In his decision, the ALJ reviewed these medical records; but, instead of relying upon these medical records, he based his RFC determination upon the opinions of the state agency medical

consultants. (Tr. 16). The ALJ stated, "As for the opinion evidence, the undersigned has considered the opinions of the state agency medical consultants who provided assessments at the initial and reconsideration levels and concurs with their opinions." (Tr. 16).

Specifically, these consultants found Plaintiff could perform the full range of light work without any limitations due to his stomach and bowel problems. (Tr. 16, 353-360, 365). These consultants found Plaintiff did not need to take frequent bathroom breaks, did not have any postural limitations, and did not have any environmental limitations. (Tr. 353-360). Apart from the findings of these consultants, the ALJ did not provide any further support for his finding that Plaintiff retained the capacity to perform the full range of light work. (Tr. 14-17).

Standing alone, these findings from non-examining, consulting physicians do not provide substantial evidence supporting the ALJ's RFC determination. *See Lacroix v. Barnhart,* 465 F.3d 881, 888 (8th Cir. 2006) (recognizing the rule that the opinions of a consulting physician who examines the claimant once does not or not at all generally does not constitute substantial evidence in the record). This is especially true since the findings of these consulting physicians are not supported by Plaintiff's treatment records or Plaintiff's testimony. (Tr. 14-17). Indeed, Plaintiff's treatment records and testimony support his claim that he suffers from digestive problems, diarrhea, constipation, and other abdominal problems that would require him to take frequent bathroom breaks. Based upon this evidence, the Court cannot find the ALJ's RFC determination is supported by substantial evidence in the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and should be reversed and

remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED this 25th day of February 2014.**

                                      /s/   Barry A. Bryant
                                      HON. BARRY A. BRYANT
                                      U.S. MAGISTRATE JUDGE